

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–13–641

| | |
|---|---|
| | **Opinion Delivered** April 9, 2014 |
| JOEL BUCKLEY | |
| APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. CR–2011-1798-1] |
| V. | |
| | HONORABLE WILLIAM A. STOREY, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | REBRIEFING ORDERED |

## ROBIN F. WYNNE, Judge

Joel Buckley appeals from his convictions for failure to appear and driving while intoxicated (fourth offense). He argues on appeal that the trial court erred by allowing his former attorney to testify regarding a conversation she had with appellant and by allowing testimony at trial regarding a portable breath test administered by police. Due to deficiencies in appellant's abstract and addendum, we order rebriefing.

Appellant was charged with two counts of failure to appear and one count of driving while intoxicated (fourth offense). Prior to trial, the State issued a subpoena to appellant's former attorney, Autumn Tolbert, directing her to testify at trial. Appellant filed a motion to quash the subpoena, which was denied by the trial court. At trial, Ms. Tolbert testified that she had advised appellant of a September 19, 2012 court date by telephone.

Officer Garrett Levine, who arrested appellant on suspicion of driving while

intoxicated, also testified at trial. Officer Levine testified that he had administered a horizontal gaze nystagmus test to appellant prior to his arrest. He also testified, over appellant's objection, that he had administered a portable breath test to appellant.

The jury found appellant guilty of two counts of failure to appear and one count of driving while intoxicated (fourth offense). He was sentenced to a total of 192 months' imprisonment.[1] This appeal followed.

Due to material deficiencies in both the abstract and the addendum submitted by appellant, rebriefing is required. The appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Ark. Sup. Ct. R. 4-2(a)(5) (2013). Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. *Id*. Appellant's abstract consists of only two pages. Missing from the abstract are large portions of Officer Levine's testimony regarding his reasons for arresting appellant. Given that the State argues in the alternative in its responsive brief that any error possibly committed by the trial court with regard to the testimony about the breath test administered by Officer Levine was harmless in light of the other evidence presented, this testimony is necessary for this court to decide the appeal. Also missing from the abstract is a material part of the testimony by Ms. Tolbert.

---

[1]We note that, although the total time to be served reflected in the sentencing order indicates that the sentences for all three offenses are to be served consecutively, the trial court neglected to indicate in the order whether the sentence for the offense of driving while intoxicated is to be served concurrently or consecutively to the sentences for the other offenses.

The addendum is missing certain necessary documents. The addendum shall contain true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(8) (2013). At trial, several documents were submitted by the State as part of its proof on the failure-to-appear charges. Those documents do not appear in the addendum.

Appellant shall file a substituted abstract, addendum, and brief within fifteen days of the date of this opinion. The State will then have fifteen days to file a revised brief, if it elects to do so. We encourage counsel, prior to filing the substituted brief, to review our rules to ensure that the brief is in compliance with those rules.

Rebriefing ordered.

GRUBER and WOOD, JJ., agree.

*David Hogue*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.